UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS

JAMES ELLIS,
    Plaintiff,
v.                                                       Cause No.  3:23-cv-00357

SECURITAS SECURITY SERVICES USA, INC.,
    Defendant.

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE UNITED STATES DISTRICT COURT:

Plaintiff James Ellis ("Employee Ellis" or "Plaintiff"), now complains of Defendant Securitas Security Services USA, Inc. ("Employer Securitas" or "Defendant"), and respectfully shows the Court and jury as follows:

### I. PARTIES

1. James Ellis is a natural person residing in El Paso, Texas.

2. Securitas Security Services USA, Inc. is a foreign for-profit corporation organized under the laws of the state of Delaware, which may be served with process by serving its registered agent, National Registered Agents, Inc., at 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever it may be found.

### II. JURISDICTION

3. Jurisdiction is proper in this Honorable Court based on federal question jurisdiction.

### III. FACTUAL CHRONOLOGY

4. Employers must compensate employees for required overtime hours, by paying the employees the regular rate times one and a half, to protect employees, like all of us, from financial losses and emotional trauma.

5. Securitas Security Services USA, Inc. is an employer.

6.  Employer Securitas must compensate employees for required overtime hours, by paying the employee the regular rate times one and a half, to protect employees, like all of us, from financial losses and emotional trauma.

7.  On or about May 5, 2021, Employer Securitas hires an Employee.

8.  Employer Securitas engages in interstate commerce by receiving shipments of goods and products from other states.

9.  Employer Securitas engages in interstate commerce by sending shipments of goods and products to other states.

10. Employer Securitas engages in interstate commerce by purchasing goods in other states.

11. Employer Securitas engages in interstate commerce by accepting customers from other states.

12. Employer Securitas engages in interstate commerce by providing services to customers from other states.

13. Employer Securitas engages in interstate commerce by providing services to customers in other states.

14. Employer Securitas engages in interstate commerce by advertising in other states.

15. Employer Securitas engages in interstate commerce by advertising through a website which receives visitors from other states.

16. Employer Securitas engages in interstate commerce by processing payments through interstate wires.

17. Employer Securitas engages in interstate commerce by operating business facilities in other states.

18. From June 18, 2021 through December 2, 2021, Employer Securitas requires the

Employee to work overtime.

19. From June 18, 2021 through December 2, 2021, Employer Securitas refuses to pay the Employee time and a half for the overtime hours which Employer Securitas requires the Employee to work.

20. Specifically, Employer Securitas refuses to pay the Employee time and a half for the following overtime hours:

| Pay Period Ending | Overtime Hours |
|---|---|
| 6/24/21 | 40.00 |
| 7/1/21 | 65.00 |
| 7/8/21 | 40.00 |
| 7/15/21 | 28.00 |
| 7/22/21 | 28.00 |
| 7/29/21 | 40.00 |
| 8/5/21 | 60.00 |
| 8/19/21 | 10.00 |
| 8/26/21 | 13.00 |
| 9/2/21 | 26.16 |
| 9/9/21 | 74.00 |
| 9/23/21 | 64.00 |
| 9/30/21 | 28.00 |
| 10/7/21 | 40.00 |
| 10/14/21 | 16.00 |
| 10/21/21 | 40.00 |
| 10/28/21 | 16.00 |
| 11/4/21 | 28.00 |

| Pay Period Ending | Overtime Hours |
|---|---|
| 12/2/21 | 2.00 |
| Total: | 658.16 |

21. That Employee is James Ellis.

## IV. CAUSES OF ACTION

### Refusal to Pay Compensation in Violation of the FLSA.

22. For the reasons discussed *supra*, Employee Ellis qualifies as an employee under the Fair Labor Standards Act, 29 USC § 201 *et seq.* ("FLSA").

23. For the reasons discussed *supra*, Employer Securitas qualifies as an employer under the Fair Labor Standards Act, 29 USC § 201 *et seq.* ("FLSA") by engaging in interstate commerce.

24. In violation of the FLSA, Employer Securitas does not pay Employee Ellis compensation for overtime hours to which Employee Ellis is entitled.

## V. DAMAGES

25. As a direct and proximate result of Defendant's retaliation and conduct against Plaintiff, as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include in the past and the future: lost wages and benefits, employment opportunities, lost income, loss of earning capacity, mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## VI. JURY DEMAND

26. Plaintiff requests that this case be decided by a jury as allowed by Federal Rule of Civil Procedure 38.

## VII. ATTORNEYS' FEES AND COSTS

27. Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs under the FLSA, including any applicable expert fees.

## VIII. PRAYER

28. Plaintiff prays that he recover from Defendant statutory damages, and actual damages, including but not limited to, past and future lost earnings, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, attorney fees and expert fees, court costs and all costs of suit and such other and further relief to which Plaintiff may show himself to be justly entitled, in law and in equity.

**SIGNED** on September 22, 2023.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
(915) 351-7772

By: _____

**Enrique Chavez, Jr.**
enriquechavezjr@chavezlawpc.com
State Bar No.: 24001873
**Michael R. Anderson**
manderson@chavezlawpc.com
State Bar No.: 24087103
*Attorneys for Plaintiff*